**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRIAN BIANCO,** | ) | |
| | ) | **Case No.** |
| **Plaintiff,** | ) | |
| **v.** | ) | **Judge** |
| | ) | |
| **P.O. RUBIO, individually, and the TOWN OF CICERO, a Municipal Corporation,** | ) | **Magistrate Judge** |
| | ) | **JURY DEMAND** |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT AT LAW**

**NOW COMES** the Plaintiff, BRIAN BIANCO by and through his attorneys, Gregory E. Kulis & Associates, Ltd., and in support of their Complaint against the Defendants, P.O. RUBIO, individually, and the TOWN OF CICERO, a municipal corporation, state as follows:

**COUNT I – FALSE ARREST/SEIZURE**

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, BRIAN BIANCO accomplished by acts and/or omissions of the Defendants, P.O. RUBIO, individually, and the TOWN OF CICERO, a municipal corporation, committed under color of law.

2. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343 as this matter involves issues of federal law.

3. The Plaintiff, BRIAN BIANCO, is a resident of the State of Illinois.

4. The Defendants, P.O. RUBIO, individually, were at all times relevant to the allegations of the Complaint, duly appointed officers of the Cicero Police Department and were acting within their scope of employment and under color of law.

5. On or about June 1, 2020, there were some demonstrations regarding the police induced death of George Floyd.

6. On or about June 1, 2020, the Plaintiff, BRIAN BIANCO, was driving his motorcycle in the vicinity of Roosevelt and Cicero, in Cicero, Illinois.

7. While driving, the saw the apparent arrest and altercation between citizens and police.

8. The Plaintiff was not committing a crime or breaking any laws.

9. The Plaintiff stopped his motorcycle and filmed the altercation with a camera on his helmet.

10. The Defendants, P.O. RUBIO, without probable cause, grabbed the Plaintiff, BRIAN BIANCO, off of his motorcycle, tore the camera from him and physically attacked him.

11. Though he had not committed a crime, the Defendant P.O. RUBIO thereafter charged him with resisting arrest.

12. There were no facts to support any probable cause that Plaintiff was committing any crime.

13. The Defendants' actions constituted a false arrest.

14. The actions of the Defendants were intentional, willful, and wanton.

15. As a result of the Defendants' actions, the Plaintiff was wrongfully seized.

16. The actions of the Defendants constituted a violation of the Plaintiff BRIAN BIANCO's Fourth Amendment rights as protected by 42 U.S.C. § 1983.

17. As a result of the actions of the Defendants, the Plaintiff, BRIAN BIANCO suffered fear, anxiety, pain and suffering, emotional distress, and money damages.

WHEREFORE, the Plaintiff, BRIAN BIANCO prays for judgment in his favor and against the Defendants, P.O. RUBIO, individually, in an amount of fair and reasonable compensatory damages, punitive damages, attorneys' fees and costs.

**COUNT II – EXCESSIVE FORCE**

1-15. Plaintiff hereby re-allege and incorporate their allegations of paragraphs 1-15 of Count I as his respective allegations of paragraph 1-15 of Count II as though fully set forth herein.

16. When the Defendant P.O. Rubio grabbed the Plaintiff and his camera and punched him approximately four times in the ribs.

17. The actions of the Defendant constituted excessive and unreasonable force.

18. The actions of the Defendant were intentional, willful, and with malice.

19. The actions of the Defendants constituted a violation of the Plaintiff' Fourth Amended rights as protected by 42 U.S.C. § 1983.

20. As a result of the actions of the Defendants, P.O. RUBIO, the Plaintiff, BRIAN BIANCO suffered fear, anxiety, pain and suffering, emotional distress, and money damages.

WHEREFORE, the Plaintiff, BRIAN BIANCO prays for judgment in his favor and against the Defendants, P.O. RUBIO, individually, in an amount of fair and reasonable compensatory damages, punitive damages, attorneys' fees and costs.

**COUNT III – DUE PROCESS**

The plaintiff hereby realleges and incorporates is allegations of paragraphs 1 to 15 of Count I as his respective allegations of paragraphs 1 to 15 of Count III.

21. The Plaintiff, BRIAN BIANCO, after he was arrested was placed in lockup at the Cicero Police Department for four days.

22. Said action violated his due process rights.

23. This action was as a result of the actions of P.O. Rubio and of the procedures of the Town of Cicero.

24. Said actions violated the plaintiff's constitutional rights as protected by 42 U.S.C. § 1983.

25. The actions of the defendants in holding the plaintiff were intentional, willful, and wanton.

26. As a result of the actions of the defendants, the plaintiff suffered fear, discomfort, anxiety, emotional distress, and monetary loss.

Wherefore, the Plaintiff prays for judgment against the defendants P.O. Rubio and the Town of Cicero, for reasonable compensatory damages, attorneys fees, and costs.

**COUNT IV - MALICIOUS PROSECUTION**

1-13. The plaintiff hereby realleges and incorporates paragraphs 3-15 of Count I as his respective allegations of paragraphs 1 - 13 of Count IV as though fully set forth herein.

14. As a result of his arrest, the plaintiff retained an attorney.

15. The Defendant P.O. Rubio proceeded with the prosecution, knowing the allegations are false.

16. The criminal prosecution of the plaintiff was ultimately resolved in his favor.

17. The actions of the Defendant P.O. Rubio was intentional, willful, and wanton.

18. As a result of the actions of the defendant, P.O. Rubio, the plaintiff suffered fear, emotional distress, monetary losses, pain, and suffering.

Wherefore, the Plaintiff, BRIAN BIANCO, prays for judgment against Defendant P.O. Rubio for reasonable compensatory damages, punitive damages, and costs.

**COUNT V - PROPERTY LOSS/CONVERSION**

1-16. The plaintiff hereby realleges and incorporates his allegations of paragraph 1 - 16 of count IV as his respective allegations of paragraphs 1 - 16 Count V as though fully set forth herein.

17. During his arrest and seizure, the Defendant P.O. Rubio seized the Plaintiff's motorcycle, confiscated it, and abandoned it on the street.

18. As a result of the actions of P.O. Rubio, the Plaintiff lost his motorcycle.

19. The actions of the defendant were intentional, willful, and wanton.

Wherefore the plaintiff BRIAN BIANCO prays for monetary damages of $5,000.00 plus costs.

Wherefore the plaintiff BRIAN BIANCO prays for damages against the Defendant P.O. Rubio in amount of $5,000 plus costs.

**COUNT VI – TOWN OF CICERO/ INDEMNIFICATION**

1-17. Plaintiff hereby re-allege and incorporate their allegations of paragraphs 1-17 of Counts I - V as his respective allegations of paragraph 1-17 of Count I-V as though fully set forth herein.

18. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

19. Defendant, P.O. RUBIO, is or was an employee of the TOWN OF CICERO and acted within the scope of his employment in committing the misconduct described herein.

WHEREFORE, should Defendant P.O. RUBIO be found liable for the acts alleged above, the Defendant TOWN OF CICERO would be liable to pay the Plaintiff any judgment obtained against said Defendants.

WHEREFORE, the Plaintiff, BRIAN BIANCO prays for judgment against the Defendant TOWN OF CICERO for reasonable compensatory damages plus attorney's fees and costs.

**JURY DEMAND**

The Plaintiff, BRIAN BIANCO hereby request a trial by jury.

Respectfully submitted,
BRIAN BIANCO

By: */s/ Gregory E. Kulis*
One of Plaintiff' Attorneys

Gregory E. Kulis (#6180966)
GREGORY E. KULIS & ASSOCIATES, LTD.
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
p. (312) 580-1830 / f. (312) 580-1839
service@kulislawltd.com